ROBERT FRAZER
United States Attorney
CHRISTIAN H. CARRARA
Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101
(973) 494-6933
christian.carrara2@usdoj.gov
*Attorneys for Federal Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN PLOTKIN, *et. al.*, | ) Hon. Jamel K. Semper, U.S.D.J. |
| | ) Hon. Stacey D. Adams, U.S.M.J. |
| *Plaintiffs,* | ) |
| | ) Civil Action No.: 2:26-CV-03861 |
| v. | ) |
| | ) **FEDERAL DEFENDANTS'** |
| NATIONAL CREDIT UNION | ) **ANSWER AND SEPARATE** |
| ADMINISTRATION, *et al.*, | ) **DEFENSES TO PLAINTIFFS'** |
| | ) **COMPLAINT** |
| *Defendants.* | ) |
| | ) |

Defendants National Credit Union Administration ("NCUA") and Kyle S. Hauptman, in his official capacity as Chairman of the NCUA Board, (collectively, "Federal Defendants"), by and through undersigned counsel, hereby answer the claims and allegations made by Plaintiffs Ellen Plotkin and Alexander Plotkin in their Complaint (ECF No. 1). The numbered paragraphs in the Answer correspond to the numbered paragraphs of the Complaint:

1.     The allegations in Paragraph 1 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that Unilever Federal Credit Union

("UFCU") was liquidated on April 30, 2025, pursuant to the NCUA Board's authority to conduct liquidations of insolvent institutions under the Federal Credit Union Act. Federal Defendants further admit that Plaintiffs' appeal to the NCUA Board was deemed denied as of February 13, 2026 ("February 13, 2026 Denial").

2.      In response to the allegations in the first sentence of Paragraph 2, Federal Defendants admit that the Special Counsel to the General Counsel received voicemails from Plaintiffs, inquiring about the February 13, 2026 Denial. The allegations in the second sentence of Paragraph 2 purport to characterize the Special Counsel to the General Counsel's March 3, 2026 email response to Plaintiffs ("March 3, 2026 Correspondence"), and 12 C.F.R. § 746.206(b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning, language, and context of the response and regulation are denied.

3.      The allegations in Paragraph 3 purport to characterize Federal Defendants' September 19, 2025 response and 12 C.F.R. § 746.206(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning, language, and context of the response and regulation are denied. To the extent the allegations in Paragraph 3 constitute legal conclusions, they are also denied.

4.      The allegations in Paragraph 4 purport to characterize Federal Defendants' September 19, 2025 response and 12 C.F.R. § 746.206(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning, language, and context of the response and regulation are

Federal Defendants' Answer
and Separate Defenses                    2

denied. To the extent the allegations in Paragraph 4 constitute legal conclusions, they are also denied.

5. Federal Defendants deny the allegations in Paragraph 5.

6. In response to the allegations in Paragraph 6, Federal Defendants admit only that the institutional records of UFCU reflect that Plaintiffs maintained more than one share certificate at the credit union. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore deny them on that basis.

7. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny them on that basis.

8. In response to the allegations in Paragraph 8, Federal Defendants admit only that UFCU was liquidated on April 30, 2025, and that UFCU records show an email exchange between Plaintiffs and UFCU in January 2025 about share certificates. Federal Defendants deny the remaining allegations in Paragraph 8.

9. In response to the allegations in Paragraph 9, Federal Defendants admit only that UFCU records show UFCU advised Plaintiffs in an email exchange that its core processing system had changed and relayed information about the frequency of statements changing. Federal Defendants deny the remaining allegations in Paragraph 9.

10. Federal Defendants admit the allegations in Paragraph 10.

Federal Defendants' Answer
and Separate Defenses                    3

11.    In response to the allegations in Paragraph 11, Federal Defendants admit only that Plaintiffs requested reconsideration by the liquidating agent and submitted additional documentation at that time in support of the request. Federal Defendants deny the remaining allegations in Paragraph 11.

12.    Federal Defendants admit the allegations in Paragraph 12.

13.    Federal Defendants admit the allegations contained in the first sentence of Paragraph 13. The remaining allegations in Paragraph 13 purport to characterize the October 22, 2025, semi-annual report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the semi-annual report are denied.

14.    Federal Defendants deny the allegations in Paragraph 14.

15.    In response to the allegations in Paragraph 15, Federal Defendants admit only that the Special Counsel to the General Counsel issued the February 13, 2026 Denial. The remaining allegations purport to characterize the February 13, 2026 Denial, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied. To the extent that allegations in Paragraph 15 constitute legal conclusions, they are also denied.

16.    The allegations in Paragraph 16 purport to characterize the March 3, 2026 Correspondence, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied.

Federal Defendants' Answer
and Separate Defenses                    4

17. The allegations in the first sentence of Paragraph 17 purport to characterize the March 3, 2026 Correspondence and February 13, 2026 Denial, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain meaning, language, and context of the letters are denied. The remaining allegations constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

18. Federal Defendants deny the allegations in Paragraph 18.

19. The allegations in Paragraph 19 rely upon terms such as "especially salient" and "inconsistent and unreliable," which are vague and ambiguous and Federal Defendants deny them on that basis.

20. The allegations in Paragraph 20 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

21. The allegations in Paragraph 21 rely upon terms such as "at best" and "at worst," which are vague and ambiguous and Federal Defendants deny them on that basis. The allegations in Paragraph 21 also purport to characterize the February 13, 2026 Denial, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied.

22. The allegations in Paragraph 22 constitute legal conclusions and Plaintiffs' request for relief, to which no response is required. To the extent a response is required, the allegations are denied.

23. The allegations in Paragraph 23 consist of Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied.

24. In response to the allegations in the first sentence of Paragraph 24, Federal Defendants admit only that they received a letter from Plaintiffs on April 9, 2026. The remaining allegations in the first sentence of Paragraph 24 purport to characterize the April 9, 2026 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 24.

25. The allegations in Paragraph 25 constitute legal conclusions and Plaintiffs' request for relief, to which no response is required. To the extent a response is required, the allegations are denied.

26. The allegations in Paragraph 26 constitute legal conclusions and Plaintiffs' request for relief, to which no response is required. To the extent a response is required, the allegations are denied.

27. The allegations in Paragraph 27 constitute legal conclusions, to which no response is required.

28. The allegations in Paragraph 28 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit only that UFCU had a principal place of business in this District.

Federal Defendants' Answer
and Separate Defenses                    6

29. In response to the allegations in Paragraph 29, Federal Defendants admit only that UFCU records show that Plaintiffs were members of UFCU at the time of its liquidation on April 30, 2025. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore deny them on that basis.

30. In response to the allegations in Paragraph 30, Federal Defendants admit only that UFCU records show that Plaintiffs held UFCU share certificates at the time of its liquidation. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore deny them on that basis.

31. In response to the allegations in Paragraph 31, Federal Defendants admit only that Kyle S. Hauptman has been the sole member of the NCUA Board since April 16, 2025, which includes the time of liquidation of UFCU and the post-liquidation proceedings concerning Plaintiffs. Federal Defendants deny the remaining allegations in Paragraph 31.

32. In response to the allegations in Paragraph 32, Federal Defendants admit only that on April 30, 2025, the NCUA placed UFCU into involuntary liquidation and appointed itself as liquidating agent. The remaining allegations in Paragraph 32 purport to characterize an unidentified statement on April 30, 2025, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the statement are denied.

Federal Defendants' Answer
and Separate Defenses                    7

33.    In response to the allegations in Paragraph 33, Federal Defendants admit only that the Asset Management and Assistance Center ("AMAC") issued an initial share insurance determination concerning Plaintiffs' uninsured shares (the "Initial Determination"), dated June 23, 2025. Federal Defendants aver that the payment of insured shares to the proper party was delayed due to system limitations related to coding of member accounts in the UFCU system.  Federal Defendants deny the remaining allegations in Paragraph 33.

34.    In response to the allegations in Paragraph 34, Federal Defendants admit only that AMAC issued a revised version of its Initial Determination concerning Plaintiffs' uninsured shares, which was dated July 24, 2025. Federal Defendants deny the remaining allegations in Paragraph 34.

35.    Federal Defendants admit the allegations in Paragraph 35.

36.    The allegations in Paragraph 36 purport to characterize Plaintiffs' August 21, 2025 Request for Reconsideration, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the request are denied.

37.    The allegations in Paragraph 37 purport to characterize AMAC's September 19, 2025 response, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the response are denied.

38.    In response to the allegations in Paragraph 38, Federal Defendants admit only that Plaintiffs filed an appeal on November 12, 2025. The remaining

Federal Defendants' Answer
and Separate Defenses                    8

allegations in Paragraph 38 constitute legal conclusions, to which no response is required

39.    In response to the allegations in Paragraph 39, Federal Defendants admit only that Plaintiffs' appeal was deemed denied as of February 13, 2026. The remaining allegations in Paragraph 39 purport to characterize the February 13, 2026 Denial, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied.

40.    The allegations in Paragraph 40 purport to characterize the March 3, 2026 Correspondence, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied.

41.    The allegations in Paragraph 41 purport to characterize 12 C.F.R. § 746.206(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the regulation are denied.

42.    The allegations in Paragraph 42 purport to characterize the February 13, 2026 Denial and March 3, 2026 Correspondence, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain meaning, language, and context of the letters are denied.

43.    The allegations in Paragraph 43 purport to characterize the February 13, 2026 Denial, which speaks for itself and is the best evidence of its contents. Any

Federal Defendants' Answer
and Separate Defenses                    9

allegations contrary to the plain meaning, language, and context of the letter are denied.

44.    In response to the allegations in Paragraph 44, Federal Defendants admit that, upon information and belief, UFCU switched core processing systems during the year prior to UFCU's April 30, 2025 liquidation.

45.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny them on that basis.

46.    The allegations in Paragraph 46 purport to characterize a UFCU communication from February 7, 2025, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the communication are denied.

47.    Federal Defendants deny the allegations in Paragraph 47.

48.    Federal Defendants admit the allegations in Paragraph 48.

49.    The allegations in Paragraph 49 purport to characterize an unidentified screenshot taken on or about February 10, 2025, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the screenshot are denied.

50.    In response to the allegations in Paragraph 50, Federal Defendants admit only that Plaintiffs submitted an appeal to the NCUA regarding reclassification. The remaining allegations in Paragraph 50 purport to characterize the appeal, which speaks for itself and is the best evidence of its contents. Any

Federal Defendants' Answer
and Separate Defenses                    10

allegations contrary to the plain meaning, language, and context of the appeal are denied.

51. The allegations in Paragraph 51 purport to characterize the February 13, 2026 Denial, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied.

52. The allegations in Paragraph 52 constitute legal conclusions, to which no response is required.

53. In response to the allegations in Paragraph 53, Federal Defendants admit only that on October 22, 2025, the NCUA Office of Inspector General issued a semiannual report signed by the Acting Inspector General. The remaining allegations in Paragraph 53 purport to characterize the report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the report are denied.

54. The allegations in Paragraph 54 purport to characterize the October 22, 2025 report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the report are denied.

55. In response to the allegations in Paragraph 55, Federal Defendants admit only that the October 22, 2025 report was publicly available during the pendency of Plaintiffs' appeal. Federal Defendants deny the remaining allegations in Paragraph 55.

Federal Defendants' Answer
and Separate Defenses                    11

56.    The allegations in Paragraph 56 purport to characterize the February 13, 2026 Denial, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied.

57.    The allegations in Paragraph 57 constitute Plaintiffs' characterization of their case, to which no response is denied. To the extent a response is required, the allegations are denied.

58.    The allegations in Paragraph 58 purport to characterize Board Appeal BD-08-25 (Member #13236), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the appeal are denied.

59.    The allegations in Paragraph 59 purport to characterize a declaration from Board Appeal BD-08-25 (Member #13236), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the declaration are denied.

60.    The allegations in Paragraph 60 purport to characterize Board Appeal BD-08-25 (Member #13236), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the appeal are denied.

61.    The allegations in Paragraph 61 purport to characterize Board Appeal BD-08-25 (Member #13236) and February 13, 2026 Denial, which speak for

Federal Defendants' Answer
and Separate Defenses                    12

themselves and are the best evidence of their content. Any allegations contrary to the plain meaning, language, and context of the appeal and letter are denied.

62.    The allegations in Paragraph 62 purport to characterize Board Appeal BD-08-25 (Member #13236), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the appeal are denied.

63.    The allegations in Paragraph 63 purport to characterize Board Appeal BD-08-25 (Member #13236) and February 13, 2026 Denial, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain meaning, language, and context of the appeal and letter are denied. The allegations in Paragraph 63a. constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

64.    In response to the allegations in Paragraph 64, Defendants admit only that appeal BD-08-25 was considered by the NCUA prior to the Plaintiffs' appeal. Federal Defendants deny the remaining allegations in Paragraph 64.

65.    The allegations in Paragraph 65 purport to characterize the February 13, 2026 Denial, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the letter are denied.

66.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 66 and

Federal Defendants' Answer
and Separate Defenses                13

therefore deny them on that basis. Federal Defendants deny the remaining allegations in Paragraph 66.

67.    Federal Defendants deny the allegations in Paragraph 67.

68.    The allegations in Paragraph 68 purport to characterize 12 C.F.R. part 745, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning, language, and context of the regulation are denied.

69.    The allegations in Paragraph 69 purport to characterize federal deposit insurance principles, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain meaning, language, and context of the principles are denied.

70.    Federal Defendants deny the allegations in Paragraph 70.

71.    Federal Defendants deny the allegations in Paragraph 71.

72.    Federal Defendants deny the allegations in Paragraph 72.

73.    Federal Defendants deny the allegations in Paragraph 73.

74.    In response to the allegations in Paragraph 74, Federal Defendants admit only that UFCU records show an email exchange between Plaintiffs and UFCU in January 2025 about ownership designation and classification.

75.    Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny them on that basis.

76.    Federal Defendants deny the allegations in Paragraph 76.

Federal Defendants' Answer
and Separate Defenses                    14

77. In response to the allegations in Paragraph 77, Federal Defendants admit that UFCU's records show that Plaintiffs and UFCU communicated prior to UFCU's liquidation concerning shifting Plaintiffs' funds across their accounts and ownership designation and classification. Federal Defendants deny the remaining allegations in Paragraph 77.

78. In response to the allegations in Paragraph 78, Federal Defendants admit only that the date on which UFCU transferred funds between certain share certificates at the request of Plaintiffs, February 7, 2025, was within 90 days of April 30, 2025, the date on which UFCU was liquidated. Federal Defendants deny the remaining allegations in Paragraph 78.

79. Federal Defendants deny the allegations in Paragraph 79.

80. Federal Defendants deny the allegations in Paragraph 80.

81. In response to the allegations in Paragraph 81, Federal Defendants admit only that UFCU was operated by five employees, and that two individuals at UFCU have been accused of certain wrongdoing. Federal Defendants deny the remaining allegations in Paragraph 81.

82. Federal Defendants deny the allegations in Paragraph 82.

83. Federal Defendants deny the allegations in Paragraph 83.

84. Federal Defendants repeat and incorporate by reference each and every answer to the preceding paragraphs with the same force and effect as though fully set forth herein.

85. Federal Defendants deny the allegations in Paragraph 85.

Federal Defendants' Answer
and Separate Defenses                15

86.   Federal Defendants deny the allegations in Paragraph 86.

87.   Federal Defendants deny the allegations in Paragraph 87.

88.   Federal Defendants deny the allegations in Paragraph 88.

89.   Federal Defendants deny the allegations in Paragraph 89.

90.   Federal Defendants deny the allegations in Paragraph 90.

91.   Federal Defendants deny the allegations in Paragraph 91.

The remaining paragraphs of Plaintiffs' Complaint, denominated A through E, constitute Plaintiffs' request for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## SEPARATE DEFENSES

Separately and affirmatively, Federal Defendants allege as follows:

1.   The Complaint fails in whole or in part to state a claim upon which relief may be granted against Federal Defendants.

2.   The Court lacks subject-matter jurisdiction to hear Plaintiffs' claims.

3.   The Federal Defendants acted lawfully at all times relevant to the Complaint, and any loss sustained by Plaintiffs was sustained without any fault by the Federal Defendants.

4.   Federal Defendants' decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

5.   Federal Defendants' decision was not in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

Federal Defendants' Answer
and Separate Defenses                16

6.     Federal Defendants' decision was not unsupported by substantial evidence.

7.     Federal Defendants' decision was not without observance of procedure required by law.

8.     Plaintiffs are not entitled to an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), or under any other statute or authority.

9.     Federal Defendants reserve the right to assert additional defenses throughout the course of this matter as such defenses become known.

*       *`       *

WHEREFORE, having fully answered, Federal Defendants respectfully request that the Court enter judgment in their favor by dismissing the Complaint with prejudice and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

*s/ Christian H. Carrara*
Assistant United States Attorney
*Attorneys for Federal Defendants*

Dated: July 6, 2026

Federal Defendants' Answer
and Separate Defenses                    17